**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CASE NO. 1:CR-05-184** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| | : | |
| **COREY C. CRAMER,** | : | |
| **Defendant** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**I.      Factual and Procedural Background**

Defendant Corey Cramer lived with his girlfriend and her under-aged daughter ("Jane Doe") in his home in Carlisle, Pennsylvania.[1]  (Stipulation of Uncontested Facts, Doc. No. 12, ¶¶ 1-3.)  During all times relevant, Defendant functioned as a person having custody and control over Jane Doe, who was under the age of 14 years.  (<u>Id.</u>, ¶¶ 4, 11-13.)  Beginning in January 2003 and continuing through March 2005, Defendant sexually assaulted Jane, videotaping four of the sexual encounters.  (Doc. Nos. 12 and 36.)  Defendant used a RCA VHS Camcorder to videotape his sexual encounters with Jane, a devise manufactured in Japan and shipped by interstate commerce to Indianapolis, Indiana, and thereafter to Pennsylvania.  (Doc. No. 12, ¶ 15.)

After the last encounter, Jane Doe had to be taken to the hospital because of bleeding. (Doc. No. 36.)  During this visit, Jane informed the authorities of Defendant's conduct, prompting a criminal investigation.  (<u>Id.</u>)  During the execution of a search warrant for Defendant's home, police found four videotapes depicting his sexual encounters with Jane.  (<u>Id.</u>)

---

[1] Because she is a minor, the Court will refer to the victim as Jane Doe for purposes of this Order.

By indictment filed May 11, 2005, the Grand Jury charged Defendant with four counts of

engaging in sexually explicit conduct with a minor for purposes of producing visual depictions

of that conduct, with materials that had been shipped in interstate commerce, in violation of 18

U.S.C. § 2251(b).  (Doc. No. 1.)  On September 9, 2005, Defendant entered into a conditional

plea agreement with the Government, wherein Defendant agreed to plead guilty to one of the

four counts in the indictment.  (Doc. No. 28.)  On September 26, 2005, Defendant filed a Motion

to Dismiss the Indictment for Lack of Jurisdiction.  (Doc. No. 36.)  The motion has been fully

briefed and is ripe for disposition.  For the reasons discussed below, the motion will be denied.

## II.    Discussion

In his motion to dismiss the indictment, Defendant argues that: first, 18 U.S.C. § 2251(b)

is unconstitutional as applied to him; and, second, the statute requires a finding by the Court that

he knew or had reason to know the video tapes of Jane Doe would be mailed or transported in

interstate or foreign commerce.  (Doc. No. 36.)  The Court will address each argument in turn.

Section 2251(b) provides that:

> Any parent, legal guardian, or person having custody or control of a minor
> who knowingly permits such minor to engage in, or to assist any other
> person to engage in, sexually explicit conduct for the purpose of
> producing any visual depiction of such conduct shall be punished as
> provided under subsection (e) of this section, if such parent, legal
> guardian, or person knows or has reason to know that such visual
> depiction will be transported in interstate or foreign commerce or mailed,
> if that visual depiction was produced using materials that have been
> mailed, shipped, or transported in interstate or foreign commerce by any
> means, including by computer, or if such visual depiction has actually
> been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2251(b) (2005).  It is uncontested that Defendant, having custody and control over

Jane Doe, engaged in sexually explicit conduct with her for the purpose of producing visual

depictions of the conduct, using a video camera that had been transported in interstate

commerce.  (Doc. No. 12.)  Defendant argues that because he engaged in purely intrastate

criminal activity -- producing videos in Pennsylvania solely for his own noncommercial private

use -- Congress lacks the power under the Commerce Clause of the United States Constitution to

prohibit Defendant's conduct.  (Doc. No. 36.)

   In United States v. Rodia, the Third Circuit upheld the constitutionality of 18 U.S.C. §

2252(a)(4)(B), which outlaws the purely intrastate possession of child pornography if the

pornography was produced using equipment that traveled in interstate commerce.  194 F.3d 465,

482 (3d Cir. 1999).  The Third Circuit held that Congress enacted the statue pursuant to a valid

exercise of authority under the Commerce Clause, finding:

> that not all child pornographers produce pornography with the intent that
> it enter the stream of commerce.  Nevertheless, such congressional
> findings do not foreclose a conclusion that intrastate possession of
> pornography affects interstate commerce. . . .  Rather, the former findings
> merely highlight that many people participate in the industry, and that a
> large number of those involved are independent operators who create child
> pornography for their own use and, perhaps, the use of their
> acquaintances.  Where, as here, a class of activities is regulated (the
> shipment or exchange of child pornography) and the class is within the
> reach of federal power, we cannot rely on the fact that some of the class is
> engaged in non-commercial activity to invalidate the entire statute.

Rodia, 194 F.3d at 480-482.  Defendant acknowledges the holding in Rodia, but argues that the

"decision does not enjoy a firm footing and has been roundly criticized.  It should no longer be

considered precedential."  (Doc. No. 36 at 5.)  In support of this condemnation of the Rodia

court's reasoning, Defendant points to United States v. Morrison, wherein the United States

Supreme Court struck down 42 U.S.C. § 13981, a federal civil remedy for the victims of

gender-motivated violence.  529 U.S. 598, 616 (2000).  In Morrison, the Supreme Court

examined four considerations prior to finding that "[g]ender-motivated crimes of violence are not, in any sense of the phrase, economic activity." Morrison, 529 U.S. 610-616.  Defendant argues that since the Rodia court did not examine the child pornography statute within the Morrison paradigm, its reasoning does not govern this Court's analysis.  Defendant also notes a split among the circuits on this issue.  Compare United States v. Morales-DeJesus, 372 F.3d 6 (1st Cir. 2004) (upholding § 2251(a) as a "facially valid exercise of Congress's Commerce Clause power"); United States v. Holston, 343 F.3d 83 (2d Cir. 2001) (same); United States v. Galo, 239 F.3d 572 (3d Cir. 2001) (same); United State v. Buculei, 262 F.3d 322 (4th Cir. 2001) (same); United States v. Kallestad, 236 F.3d 225 (5th Cir. 2000) (upholding § 2252(a)(4)(B)); United States v. Angle, 234 F.3d 326 (7th Cir. 2000) (same); United States v. Hampton, 260 F.3d 832 (8th Cir. 2001) (same); United States v. Adams, 343 F.3d 1024 (9th Cir. 2003) (same); with United State v. Corp., 236 F.3d 325 (6th Cir. 2001) (upholding an as-applied challenge to § 2252(a)(4)(B)); United States v. McCoy, 323 F.3d 1114 (9th Cir. 2003) (same); United States v. Smith, 402 F.3d 1303 (11th Cir. 2005) (same).

However, in order to grant Defendant the relief he seeks, this Court would have to ignore clear and binding Third Circuit precedent to the contrary.  One year after Morrison, the Third Circuit reaffirmed its reasoning in Rodia and applied it to 18 U.S.C. § 2251(a).  United States v. Galo, 239 F.3d 572, 575 (3d Cir. 2001).  The Galo court found that:

> Although Rodia focused only on §2252(a)(4)(B), the same reasoning governs our analysis of § 2251(a) because both statutes contain the same jurisdictional element. . . .  Here, the requirement that at least one of the materials used to produce the child pornography travel in interstate commerce provides the jurisdictional hook. . . .  [Defendant's] assertion that the statute is unconstitutional as applied to him is also without merit as our analysis in Rodia clearly shows that Congress could properly regulate intrastate possession of child pornography produced by materials

that had traveled in interstate commerce.

Galo, 239 F.3d at 575-576.  Last year, in United States v. Randolph, the Third Circuit again

upheld the constitutionality of § 2251(a).  364 F.3d 118, 121 (3d Cir. 2004).  The Randolph court

explained that:

> Ruling on this precise issue in United States v. Galo, this court held three
> years ago that section 2251(a), along with section 2252(a)(4)(B),
> represents a constitutional exercise of Congress's authority under the
> Commerce Clause.  We found that Congress rationally could have
> believed that intrastate possession of pornography has substantial effects
> on interstate commerce.  This panel has no authority to depart from
> binding Third Circuit precedent, and we therefore affirm Randolph's
> conviction [under § 2251(a)].

Randolph, 364 F.3d at 121 (internal citations omitted).  Section 2251(b) contains the same

jurisdictional element as §§ 2251(a) and 2252(a)(4)(B); namely that at least one of the materials

used to produce the child pornography travel in interstate or foreign commerce.  Accordingly,

Defendant's assertion that the statute is unconstitutional as applied to him is without merit and

contrary to clear Third Circuit precedent.

Defendant also argues that the Government has failed "to meet all of the jurisdictional

requirements of 18 U.S.C. § 2251(b)."  (Doc. No. 36 at 8.)  Defendant argues that a plain reading

of § 2251(b) requires the Government to prove that Defendant either knew that the child

pornography would be transported or actually had been transported in interstate or foreign

commerce.  (Id. at 9-10).  Defendant argues that because Congress failed "to properly separate

the clauses [of § 2251(b)] into independent wholes" the entire clause is dependent, and

Defendant "cannot be prosecuted unless he shipped the product or knew, or had reason to know,

the product would be shipped in interstate commerce."  (Id. at 11.)  However, Defendant's

reading of § 2251(b) is strained and unsupported by law.  The final three clauses of § 2251(b)

specifying the jurisdictional criteria necessary to trigger punishment under subsection (e) are

separated by "or", creating an inclusive disjunction.  The Government need only prove one of

the three listed elements to satisfy the jurisdictional requirement of § 2251(b).  To find otherwise

would require this Court to rewrite the statute and replace a disjunctive "or" with a conjunctive

"and".  Moreover, the Third Circuit has read the exact same language found in § 2251(a) as

requiring proof of only one of the jurisdictional elements, not all three.  <u>Rodia</u>, 194 F.3d at 482.

Defendant admits, pursuant to the conditional plea agreement, that he knowing produced child

pornography of a minor under his control using a camera that had traveled in interstate and

foreign commerce.  (Doc. No. 12.)  This admission satisfies all of the elements of § 2251(b).

Consequently, Defendant's motion to dismiss the indictment for lack of jurisdiction must be

denied.

**III.     Order**

   **AND NOW**, this 23rd  day of November, 2005, **IT IS HEREBY ORDERED THAT**,

Defendant's Motion to Dismiss the Indictment for Lack of Jurisdiction (Doc. No. 36) is

**DENIED**.




                                              ___ S/ Yvette Kane_____
                                              Yvette Kane
                                              United States District Judge